IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DUNG MINH LE,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

## NOTICE OF REMOVAL

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Insurance Company ("Allstate") hereby removes the case captioned *Dung Minh Le v. Allstate Insurance Company* (state court case number 2019CV31754) from the District Court, Arapahoe County, State of Colorado, to the U.S. District Court for the District of Colorado on the grounds that jurisdiction exists under 28 U.S.C. § 1332(a). In support of removal under 28 U.S.C. § 1441(b), Allstate states as follows:

## BACKGROUND

1.     On July 25, 2019, Plaintiff Dung Minh Le ("Plaintiff") filed a Complaint for Damages and Jury Demand ("Complaint") against Allstate in the District Court, Arapahoe County, Colorado, case number 2019CV31754 ("State Court Action").

2. Plaintiff served Allstate with the Complaint on August 8, 2019, by service on the Colorado Division of Insurance. (*See* Return of Service submitted herewith.)

3. The Complaint's allegations stem from Allstate's handling of Plaintiff's insurance claim for alleged property damage resulting from a June 19, 2018 wind and/or hail storm (the "Claim"). (Compl. ¶¶ 1-2, 6-7.)

4. Plaintiff alleges Allstate "unreasonably delayed, denied, and/or underpaid" the Claim by "not account[ing] for the scope of work and payment of benefits reasonably necessary to cover the total cost to reasonably repair and/or replace the hail-damaged roofing system and repair other significant damage to the [p]roperty." (*Id.* ¶ 11.)

5. Plaintiff's Complaint sets forth two claims for relief: (i) breach of contract; and, (ii) unreasonable delay and denial in violation of C.R.S. §§ 10-3-1115 and 1116. (*Id.* ¶¶ 15-24.)

6. Plaintiff seeks:

   a. "Damages for breach of contract, including the value of benefits [Plaintiff] was entitled to receive under the [p]olicy that were not provided; damages for delayed payment; consequential damages; and reasonable interest on delayed payment;

   b. Compensatory damages . . .including economic and non-economic damages;

   c. Double damages, court costs, and reasonable attorneys' fees incurred in prosecuting this action pursuant to C.R.S. § 10-3-1116; [and]

   d. An award of pre-judgment interest, and costs." (*Id.* ¶¶ 18, 24, WHEREFORE Clause, pp. 5-6.)

7.     Allstate contends that its actions were reasonable, and it did not breach the insurance contract, did not act in bad faith, and did not violate C.R.S. §§ 10-3-1115 and 1116.

## GROUNDS FOR REMOVAL

**I.     REMOVAL IS TIMELY**

8.     This Notice of Removal is filed within thirty (30) days after service of the Complaint on Allstate, which occurred on August 8, 2019. (*See* Return of Service submitted herewith.)

9.     Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

**II.    DIVERSITY OF CITIZENSHIP EXISTS**

10.    There is complete diversity of citizenship among the opposing parties.

11.    A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id*.

12.    Plaintiff is a resident of the State of Colorado. (Compl. ¶ 3.)

13.    Allstate is an insurance company organized under the laws of the State of Illinois with its principal place of business in the State of Illinois. (*See* Colorado Division of Insurance Producer Search, attached as **Exhibit A**.)

14.    Because the parties are citizens of different states, and Allstate is not a citizen of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. § 1332(a)(1),

§ 1332(c)(1), and § 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

### III.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

15.   The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

16.   Plaintiff alleges that Allstate "unreasonably delayed, denied, and/or underpaid" the Claim by "not account[ing] for the scope of work and payment of benefits reasonably necessary to cover the total cost to reasonably repair and/or replace the hail-damaged roofing system and repair other significant damage to the [p]roperty." (Compl. ¶ 11.)

17.   An October 25, 2018 estimate submitted by Plaintiff's contractor to repair and/or replace the roof, windows, exterior stucco, an HVAC unit, and other items was $121,450.46. (*See* Oct. 25, 2018 JL Roofing Estimate, attached as **Exhibit B**.)

18.   Should Plaintiff succeed in his claim under C.R.S. §§ 10-3-1115 and 1116, he seeks two times the covered benefit, attorneys' fees, and costs. (Compl. ¶ 24.) *See American Family Mut. Ins. Co. v. Barriga,* 418 P.3d 1181 (Colo. 2018) (discussing the calculation of damages under § 10-3-1116). Applying the statute's multiplier to Plaintiff's estimate, Plaintiff is therefore seeking over **$242,000** under his statutory bad faith claim.

19.   Plaintiff also seeks attorney fees. The Complaint's request for an award of attorney fees under C.R.S. § 10-3-1116 alone in a case involving relief of this nature places the

amount in controversy over the $75,000 threshold. (Compl. ¶24, WHEREFORE Clause.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is undisputed that substantial attorneys' fees will be incurred in this matter.

20. Further, Plaintiff's civil cover sheet filed in state court confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. In it, Plaintiff indicates that he seeks a monetary judgment of "more than $100,000", excluding attorney fees, interest, and costs. (*See* State Court Civil Cover Sheet submitted herewith.) Plaintiff's representation on his civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiff seeks in excess of $75,000 in disputed damages, exclusive of interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that for removal purposes there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

21. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

22. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2), 1441(a), and 1446(a).

## PROCESS, PLEADINGS, AND ORDERS SERVED

23. As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

24. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the State Court Action, is attached hereto as **Exhibit C**.

## NO WAIVER

25. No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

For the reasons set forth above, Allstate Insurance Company removes the State Court Action in the District Court, County of Arapahoe, Colorado to the United States District Court for the District of Colorado.

Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Defendant reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated:  September 6, 2019

Respectfully submitted,

*Below-signed counsel certifies that he is a member in good standing of the bar of this court.*

*s/ Terence M. Ridley*
Terence M. Ridley
Evan M. Blonigen
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   ridley@wtotrial.com
             blonigen@wtotrial.com

Attorneys for Defendant
Allstate Insurance Company

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on September 6, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a copy on the following via email:

- **Jonathan S. Sar**
  jsar@dalyblack.com

- **Sean B. Leventhal**
  sleventhal@dalyblack.com

- **Richard Daly**
  rdaly@dalyblack.com

- **John Scott Black**
  jblack@dalyblack.com

    *s/ Terence M. Ridley*
    Terence M. Ridley
    Wheeler Trigg O'Donnell LLP
    370 Seventeenth Street, Suite 4500
    Denver, CO  80202-5647
    Telephone:  303.244.1800
    Facsimile:  303.244.1879
    Email:  ridley@wtotrial.com

    Attorney for Defendant
    Allstate Insurance Company